COMMERCIAL INSURANCE COMPA-NY, Defendant, Appellant,

v.

Miguel Angel RAMOS, etc., Plaintiff, Appellee.

No. 5231.

United States Court of Appeals First Circuit.

Submitted April 2, 1957.

Decided April 11, 1957.

Rehearing Denied April 26, 1957.

F. Fernández Cuyar and Rafael A. González, San Juan, P. R., on statement on appeal under Rule 39(a) for appellant.

Bolívar Pagán, San Juan, P. R., on motion to dismiss or affirm under Rule 39(b) for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

This is an appeal from a judgment by the Supreme Court of Puerto Rico.

De Diego Taxicabs, Inc., had a policy of liability insurance issued by Commercial Insurance Company in the amount of $5,000. A taxicab driven by a servant of the company knocked down and killed one Graciliano Ramos Alvarado. The deceased being unmarried, his father put in a claim against the insurance company as the person entitled to recover for the alleged wrongful death. The insurance company settled this claim by the payment of $2,000 on March 31, 1955, in the belief that the father was the only possible claimant under the policy. Such belief was fortified by a decree of the Superior Court adjudging the father to be the sole and universal heir of the late Graciliano Ramos, upon petition filed on behalf of the father for a declaration of heirship.

On November 8, 1954, which was before the insurance company made the aforesaid settlement with the father, a complaint on behalf of Miguel Angel Ramos, a minor natural son and the claimed universal heir of decedent, was filed against the taxicab company and against the insurance company (under a direct action statute). This complaint came on for trial and eventuated in a judgment by the Superior Court against the insurance company in the amount of $5,000, plus a small addition, not in issue, for costs and attorney's fees. A motion for modification of the judgment was made, on the asserted ground that the insurance company could not be compelled to pay more than the coverage of the policy, plus costs and attorney's fees; and therefore that there should have been deducted from the judgment for $5,000 the sum of $2,000 which the insurance company had already paid to the father in settlement under the same policy. This motion for modification of judgment was dismissed as untimely, whereupon the insurance company appealed to the Supreme Court of Puerto Rico. The latter court affirmed the judgment of the Superior Court, without opinion, and appeal was taken to this court. 28 U.S.C. § 1293. Appellee filed a motion for summary dismissal or affirmance, under our Rule 39(b), 28 U.S.C.

Appellant has sought to torture this appeal into presenting a question of due process of law, in that the judgment appealed from required it to pay, in the aggregate, an amount of $2,000 in excess of the maximum coverage of its policy, in disregard of the fact that the insurance company had already paid the father the sum of $2,000. This claim of federal right is obviously frivolous. If an insurance company, whether in good faith or not, makes a payment to the wrong claimant, it may be required, consistently with due process, to pay over again, to the limit of the policy coverage, to a person who establishes himself as the true claimant.

That leaves only the question whether the judgment of the Supreme Court of Puerto Rico is "inescapably wrong" as a matter of Puerto Rican law. The Puerto Rican tribunals evidently considered that as a matter of local law the earlier decree of the Superior Court adjudging that the father was the sole and universal heir was not a proceeding in rem binding on the absent minor child of decedent. If it were otherwise, of course such minor child could not recover anything from the insurance company in view of its settlement of the claim with the father and the release obtained in that settlement. Even the insurance company does not make that extreme claim, but maintains only that the amount of the settlement, $2,000, should have been deducted from the amount the insurance company was decreed to pay to the present appellee. It thus clearly appears that the value now in controversy does not exceed $5,000, exclusive of interest and costs; so that under 28 U.S.C. § 1293 we have no jurisdiction of this appeal in so far as it may involve a question of local law.

Upon consideration of the whole of the original transcript, and of the appellant's statement on appeal, and appellee's motion under Rule 39(b),

A judgment will be entered dismissing this appeal for lack of jurisdiction.

## On Petition for Rehearing.

Appellant Commercial Insurance Company has petitioned for rehearing and reconsideration of our judgment of April 11, 1957. The company is still outraged by the fact that, though it had issued an automobile liability policy in a maximum amount of $5,000, it has been adjudged liable to pay $5,000 to appellee, an acknowledged natural son of the decedent, without diminution of the amount of $2,000 which the insurance company had already paid to decedent's father by way of settlement of a claim which the father had made arising out of the same wrongful death.

In its petition for rehearing appellant asserts that the decedent's father was a proper claimant in his capacity as father, even though, by reason of the existence of a natural son of decedent, the father was not the sole and universal heir. For this proposition appellant cites Travieso v. del Toro, 74 P.R.R. 940 (1953).

The foregoing proposition may be so, but is hardly relevant to the present case. Counsel for the insurance company told the trial court here that the company had settled the claim of the father in the belief that he was the sole and universal heir, as had indeed been adjudged in a declaration of heirship made by the Superior Court. In this connection, counsel explained, "but we are not going to be so generous as to compromise a case with an heir if there is a chance that there might be another heir and that the insurer would be injured. We did compromise that case in reliance upon the fact that there is a sort of guarantee that there was no other heir." But the insurance company slipped up in making this supposition. Before the father had filed suit there had already been filed a suit on behalf of the claimed natural son, and the insurance company did not realize that the two suits were on account of the same wrongful death.

In Travieso v. del Toro, supra, it appeared that the father had intervened in a suit brought by an acknowledged natural daughter of decedent. Thus the court had before it in a single case both claimants for damages, so that if and when it came eventually to award damages it would not hold the insurance company liable in the aggregate for more than the maximum coverage of its policy. Such was not the situation in the case at bar. The natural son, appellee herein, was not a party to the other case brought by the father, and was in no way bound by the terms of the settlement negotiated by the father with the insurance company. Even if this were not so, even if the Superior Court made an error of law in ruling that appellee, the acknowledged natural son, was not affected by the settlement of the independent claim brought by the father, it does not follow that an erroneous judicial ruling amounts to a deprivation of due process of law, for, as Learned Hand, C. J., said in Schechtman v. Foster, 2 Cir., 1949, 172 F.2d 339, 341 "due process of law does not mean infallible process of law."

We repeat that the claim of a federal question in the present case is obviously frivolous. As to whether the judgment of the Supreme Court of Puerto Rico was "inescapably wrong" as a matter of local law, appellant in its petition for rehearing makes no effort to controvert the point we made in our original opinion to the effect that we lacked jurisdiction of that aspect of the case, since it clearly appears that the value now in controversy does not exceed the sum of $5,000, exclusive of interest and costs.

An order will be entered denying the petition for rehearing.